**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| RENIKE SPEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| WEN CHOO CHOO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA), Plaintiff files this lawsuit against Defendant and alleges the following.

### Parties and Jurisdiction

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Georgia corporation that does business in Tennessee. Defendant's registered agent for service of process in Tennessee is Grant, Konvalinka & Harrison, P.C., 633 Chestnut Street, Suite 900, Chattanooga, Tennessee, 37450.

3. Defendant operates multiple Wendy's restaurants in Tennessee and Georgia, including a restaurant located on Bonny Oaks Drive in Chattanooga, Tennessee.

4. At all times material, Defendant had at least 15 employees.

### Facts

5. Plaintiff was employed as a shift leader at Defendant's Bonny Oaks Drive Wendy's restaurant from May 22, 2025 until September 18, 2025.

6. Plaintiff had a serious medical condition that qualified as a disability under the Americans with Disabilities Act (ADA). Plaintiff informed Defendant about her disability before she was hired.

7. When Plaintiff was hired, the district manager at the time interviewed Plaintiff over the phone. The store manager was also on the phone. During the interview, the district manager made a disparaging remark about Plaintiff's medical condition/disability.

8. As an accommodation for her disability, Plaintiff requested that she be given one day off from work on September 17, 2025.

9. After her day off from work on September 17, 2025, Plaintiff attempted to return to work on September 18, 2025.

10. Instead of allowing Plaintiff to return to work, however, Defendant fired Plaintiff on September 18, 2025.

11. Accordingly, Defendant refused to provide Plaintiff with one day of leave to accommodate her disability, and terminated her employment instead.

12. After her day off on September 17, 2025, Plaintiff was able to return to work the next day, on September 18, 2025.

13. If Plaintiff had not been terminated, she would have returned to work on September 18, 2025.

14. As a result of Defendant's termination of her employment, Plaintiff has sustained lost wages and lost benefits.

15. As a result of Defendant's termination of her employment, Plaintiff has suffered emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and harm to her reputation.

**Violations of the ADA**

16. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations contained in paragraphs 1-15 above.

17. Defendant was engaged in an industry affecting commerce and had at least 15 employees for each working day in each of 20 or more calendar weeks during 2024 and 2025. Accordingly, Defendant is an "employer" and a covered entity as defined by 42 U.S.C. § 12111(2) and (5).

18. While she was employed by Defendant, Plaintiff had a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(A) and 12102(2). More specifically, Plaintiff's medical condition substantially limited major life activities, such as working.

19. While she was employed by Defendant, Plaintiff had a record of a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(B) and 12102(2).

20. While she was employed by Defendant, Defendant regarded Plaintiff as having a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(C) and 12102(2) and (3).

21. Based on the foregoing, Plaintiff had a "disability" as defined by 42 U.S.C. § 12102(1).

22. Plaintiff is an individual who, with or without reasonable accommodation, was able to perform the essential functions of her job. Accordingly, Plaintiff is a "qualified individual" as defined by 42 U.S.C. §12111(8).

23. Defendant discriminated against Plaintiff on the basis of disability with regard to the termination of her employment, in violation of 42 U.S.C. § 12112(a).

24. As described in the Facts section above, the actions taken and conduct engaged in by Defendant that violated 42 U.S.C. § 12112(a) include, but are not limited to:

(a) failing to communicate and engage in an interactive process with Plaintiff in an effort to provide a reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5) and federal regulations;

(b) failing to provide a reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5); and

(c) terminating Plaintiff's employment due to her disability.

25. By terminating Plaintiff's employment after she requested a reasonable accommodation, Defendant retaliated against Plaintiff in violation of 42 U.S.C. §12203(a).

26. Defendant's violations of the ADA were knowing, willful, intentional, and malicious, entitling Plaintiff to punitive damages.

27. As a result of Defendant's violations of the ADA, Plaintiff sustained and is entitled to recover substantial economic damages, including back pay, front pay, and loss of benefits.

28. As a result of Defendant's violations of the ADA, Plaintiff sustained and is entitled to recover compensatory damages, including damages for emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and harm to reputation

**Exhaustion of Administrative Remedies**

29. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination on the basis of her disability.

30. The EEOC issued Plaintiff a Determination and Notice of Rights on July 2, 2026.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) back pay;

(b) front pay;

(c) damages for loss of benefits;

(d) compensatory damages, including damages for emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and harm to reputation;

(e) punitive damages;

(f) prejudgment interest;

(g) statutory attorney's fees;

(h) the costs and expenses of this action; and

(i) all other general legal and equitable relief to which she may be entitled.

Plaintiff further demands a jury to try the issues when joined.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff